REDACTED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

-FILED-

MAY 28 2025

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **INDICTMENT** |
| | ) | |
| v. | ) | Cause No.    1:25-CR-33 |
| | ) | Violations:    18 U.S.C. §§ 1347, 1519, |
| | ) | 1035, and 1512; |
| | ) | 21 U.S.C. §§ 331(t), |
| SANIA KHAN | ) | 333(b)(1)(B) |

**THE GRAND JURY CHARGES:**

<u>COUNTS 1 AND 2</u>
**(Medicare and Medicaid Health Care Fraud)**

At all times material to this Indictment:

1.     Medicare is a federal program administered by the United States Department of Health and Human Services (HHS). Medicare provides health care benefits for persons aged 65 and older and certain younger people with disabilities. Medicare is a health care benefit program as defined by Title18, United States Code, section 24(b).

2.     HHS delegates the administration of the Medicare program to the Center for Medicare and Medicaid Services (CMS). In Indiana, CMS administered the Medicare program through a private insurance carrier. Under the supervision of CMS, a carrier reviewed and processed claims for reimbursement submitted by Medicare providers and made payments on those claims that were eligible for reimbursement under the Medicare program.

3.      Covered medical services to Medicare beneficiaries (or patients on Medicare) are eligible for reimbursement after a claim process.  By becoming a participating provider in Medicare, a provider agrees to abide by the rules, regulations, policies, and procedures governing reimbursement and to keep and allow access to records and information as required by Medicare.  When filing claims with Medicare, providers and their agents are required to be truthful and accurate.

4.      Medicaid is a joint federal and state program administered by the states under federal guidance.  Medicaid enables the states to provide medical and related services to needy individuals, including disabled individuals and indigent persons and families.  A component of HHS administers Medicaid on the federal level.  Within broad federal rules, however, each state decides who is eligible for Medicaid, the services covered, payment levels for services, and administrative and operational procedures.  The state pays the providers of Medicaid services, with the state obtaining the federal share of the payment from accounts drawn on funds of the United States Treasury.  The federal share of each state's Medicaid program varies by individual state.  The federal share in Indiana is approximately two-thirds, and the state share is approximately one-third.

5.      The State of Indiana through its Family and Social Services Administration participates in the Medicaid program ("Indiana Medicaid").  Indiana Medicaid requires individuals and businesses seeking to provide

services through Indiana Medicaid to enroll in the program as providers. Enrolled providers of medical services to Medicaid patients are eligible for reimbursement for covered services. By becoming a participating provider in Indiana Medicaid, enrolled providers agree to abide by the rules, regulations, policies, and procedures governing reimbursement and to keep and allow access to records and information as required by Indiana Medicaid. Indiana Medicaid is a health care benefit program as defined under Title 18, United States Code, Section 24(b).

6.    For Indiana Medicaid to pay a provider for a covered service or item, the provider must submit a claim stating all the required information, which must be truthful and accurate. Providers enrolled in the Indiana Medicaid program agree to submit claims for only medically and reasonably necessary services that are covered under the program and that are actually provided, and only to seek compensation to which the provider is legally entitled. Medicaid providers are prohibited from submitting claims for services for which the provider is not legally entitled to receive payment. Providers further agree promptly to refund any duplicate or erroneous Medicaid payments received in error.

## THE DEFENDANT

7.    SANIA KHAN ("Khan") was a resident of Allen County, Indiana, in the Northern District of Indiana.

8.    In 2019, Khan and her husband acquired an ophthalmology practice in Fort Wayne, Allen County, Indiana, previously known as Allen County Retinal Surgeons (ACRS).  Khan's husband was a physician licensed in Indiana who specialized in ophthalmology, and he practiced medicine at ACRS.

9.    Khan and/or her husband owned ACRS, and Khan worked at the practice as an office manager.  Along with her husband, Khan operated and controlled ACRS, and among other tasks, she handled and supervised the billing procedures.

10.    ACRS and Khan's husband were participating providers in Medicare and Indiana Medicaid.  All enrolled providers in these programs agree to abide by the policies, procedures, rules, and regulations governing reimbursement and the programs in general.  ACRS and its agents and employees had access to program manuals and materials describing proper billing procedures and billing rules and regulations.  As an enrolled provider, ACRS had a unique provider number, which was used to submit claims to each program for reimbursement from federal funds.

## SAMPLES OF MEDICATION

11.    Many patients at ACRS were on Medicare or Indiana Medicaid. ACRS additionally accepted payment from military insurance and private insurance.

12.   Many ACRS patients required eye injections of a particular medication for their treatment, which was manufactured by a particular company.

13.   To be reimbursed for administering the particular medication, Medicare and Indiana Medicaid require that physicians administer the medication pursuant to a documented medical necessity.   Other private insurance providers may require documentation of the medical necessity prior to a provider administering this medication.  In those instances, a provider must submit supporting documentation to the insurance provider prior to administering the medication, which is commonly known as a prior authorization.   If a provider fails to receive a prior authorization, they generally will not be reimbursed by the private insurance provider for the medication administered.

14.   To assist lower income patients and for other reasons, the manufacturer often provided free samples of the particular medication to medical providers, including ACRS.

15.   It is permissible for a medical provider to seek reimbursement from Medicare or Indiana Medicaid if the medication was purchased by the provider and administered when medically necessary.  Federal law however prohibited a sale or an offer to sell a medication sample.  Moreover, when medication samples were obtained for free, Medicare and Indiana Medicaid rules prohibit providers from being reimbursed.

16.    Khan, ACRS, and other medical providers knew that billing Medicare or Indiana Medicaid for samples was prohibited and illegal.  For the primary medication discussed in this Indictment, the sample doses were packaged in a box with different colors from the commercial doses, and the box for the sample doses included a warning in red lettering, "NOT FOR SALE SAMPLE ONLY."  With samples, the manufacturer required ACRS doctors to acknowledge that samples "cannot be sold, traded, bartered, billed, returned for credit or utilized to seek reimbursement," with Khan also aware of this. The HHS Office of Inspector General published a short guide for new physicians, and this publication clearly informed medical providers that, while it is legal to give samples to patients for free, it is illegal to sell these samples or seek reimbursement for samples and that providers must ensure that free samples were not commingled with commercial samples.

## COUNT 1 SCHEME TO DEFRAUD

17.    Beginning in 2019 and continuing through on or about August 22, 2024, in the Northern District of Indiana,

### SANIA KHAN,

defendant herein, knowingly and willfully executed and attempted to execute a scheme and artifice to defraud, and obtain by means of false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of Medicare, a health care benefit program as

defined in Title 18 United States Code, section 24(b), in connection with the delivery of and payment for health care benefits, items, and services.

## COUNT 2 SCHEME TO DEFRAUD

18.    Beginning in 2019 and continuing through on or about August 22, 2024, in the Northern District of Indiana,

## SANIA KHAN,

defendant herein, knowingly and willfully executed and attempted to execute a scheme and artifice to defraud, and obtain by means of false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of Indiana Medicaid, a health care benefit program as defined in Title 18 United States Code, section 24(b), in connection with the delivery of and payment for health care benefits, items, and services.

## MANNER AND MEANS USED TO COMMIT THE SCHEMES

19.    The purpose and object of the schemes to defraud was to seek reimbursement from Medicare and Indiana Medicaid for commercial and purchased doses of a particular medication when sample doses were actually administered.

20.    ACRS sometimes failed to obtain the appropriate prior authorization for administration of commercial and purchased medication doses for patients, and these claims were denied for reimbursement. To enrich herself and ACRS and to recover the lost money, Khan submitted, and caused to be submitted, false claims to Medicare and Indiana Medicaid for

reimbursement of free samples administered on other occasions and/or administered to other patients. These claims were false because the claims purported to bill for commercial doses when a sample dose was administered on that date of service. If the claims had contained truthful and accurate information about the sample doses, these programs would not have paid the claims.

21.    When a patient received a sample dose of a particular medication, the patient's medical record commonly documented their receipt of a sample or the lot number of a sample. In April of 2022, ACRS received a Civil Investigative Demand (CID) notifying ACRS and its owners, Khan and her husband, of a federal investigation focusing on false claims associated with a particular medication. To conceal many of the false claims, Khan and an employee under her direction accessed patient records and changed the records to remove evidence of the sample doses. Khan and ACRS then provided altered and falsified records in response to the CID to conceal false claims.

22.    To accomplish the alteration of patient records, Khan possessed the login credentials of her husband and a retired doctor formerly employed by ACRS. These credentials were necessary to make changes in the electronic patient records. Khan performed some of these changes herself, and after providing these credentials to an employee, she also directed and caused an employee to perform alterations removing references to sample doses of the medication.

23.     Prior to an interview of this employee in August of 2024, Khan directed, advised, and attempted to corruptly persuade the employee to provide false information to federal investigators about the scheme and the alterations to the patient records.  Through these efforts, Khan attempted to obstruct the investigation and to conceal the prior alterations to patient records.

All in violation of 18 U.S.C. § 1347.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 3
### (Obstruction of Justice)

24.     On or about June 12, 2022, in the Northern District of Indiana,

SANIA KHAN,

defendant herein, did knowingly alter, destroy, conceal, cover up, falsify, and

make a false entry in a record, document, and tangible object, namely a medical

record of patient M.B., with the intent to impede, obstruct, and influence the

investigation and proper administration of a matter that the defendant knew

and contemplated was within the jurisdiction of a department and agency of

the United States, including the United States Department of Justice and the

United States Department of Health and Human Services,

All in violation of 18 U.S.C. § 1519 and 18 U.S.C. § 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 4
### (Obstruction of Justice)

25.     On or about June 12, 2022, in the Northern District of Indiana,

SANIA KHAN,

defendant herein, did knowingly alter, destroy, conceal, cover up, falsify, and

make a false entry in a record, document, and tangible object, namely a medical

record of patient B.H., with the intent to impede, obstruct, and influence the

investigation and proper administration of a matter that the defendant knew

and contemplated was within the jurisdiction of a department and agency of

the United States, including the United States Department of Justice and the

United States Department of Health and Human Services,

All in violation of 18 U.S.C. § 1519 and 18 U.S.C. § 2.

**THE GRAND JURY FURTHER CHARGES:**

<u>**COUNT 5**</u>
**(Obstruction of Justice)**

26.     On or about June 12, 2022, in the Northern District of Indiana,

SANIA KHAN,

defendant herein, did knowingly alter, destroy, conceal, cover up, falsify, and

make a false entry in a record, document, and tangible object, namely a medical

record of patient J.C., with the intent to impede, obstruct, and influence the

investigation and proper administration of a matter that the defendant knew

and contemplated was within the jurisdiction of a department and agency of

the United States, including the United States Department of Justice and the

United States Department of Health and Human Services,

All in violation of 18 U.S.C. § 1519 and 18 U.S.C. § 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 6
**(Obstruction of Justice)**

27.    On or about July 19, 2022, in the Northern District of Indiana,

SANIA KHAN,

defendant herein, did knowingly alter, destroy, conceal, cover up, falsify, and

make a false entry in a record, document, and tangible object, namely a medical

record of patient J.S., with the intent to impede, obstruct, and influence the

investigation and proper administration of a matter that the defendant knew

and contemplated was within the jurisdiction of a department and agency of

the United States, including the United States Department of Justice and the

United States Department of Health and Human Services,

All in violation of 18 U.S.C. § 1519 and 18 U.S.C. § 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 7
### (Obstruction of Justice)

28.     On or about February 3, 2023, in the Northern District of Indiana,

SANIA KHAN,

defendant herein, did knowingly alter, destroy, conceal, cover up, falsify, and

make a false entry in a record, document, and tangible object, namely a medical

record of patient B.D., with the intent to impede, obstruct, and influence the

investigation and proper administration of a matter that the defendant knew

and contemplated was within the jurisdiction of a department and agency of

the United States, including the United States Department of Justice and the

United States Department of Health and Human Services,

All in violation of 18 U.S.C. § 1519 and 18 U.S.C. § 2.

**THE GRAND JURY FURTHER CHARGES:**

<u>**COUNT 8**</u>
**(Obstruction of Justice)**

29.     On or about February 3, 2023, in the Northern District of Indiana,

SANIA KHAN,

defendant herein, did knowingly alter, destroy, conceal, cover up, falsify, and

make a false entry in a record, document, and tangible object, namely a medical

record of patient R.B., with the intent to impede, obstruct, and influence the

investigation and proper administration of a matter that the defendant knew

and contemplated was within the jurisdiction of a department and agency of

the United States, including the United States Department of Justice and the

United States Department of Health and Human Services,

All in violation of 18 U.S.C. § 1519 and 18 U.S.C. § 2.

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 9**
**(Obstruction of Justice)**

30.    Sometime between on or about May 31, 2020, and on or about

February 5, 2023, in the Northern District of Indiana,

SANIA KHAN,

defendant herein, did knowingly alter, destroy, conceal, cover up, falsify, and

make a false entry in a record, document, and tangible object, namely a medical

record of patient F.E., with the intent to impede, obstruct, and influence the

investigation and proper administration of a matter that the defendant knew

and contemplated was within the jurisdiction of a department and agency of

the United States, including the United States Department of Justice and the

United States Department of Health and Human Services,

All in violation of 18 U.S.C. § 1519 and 18 U.S.C. § 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 10
**(False Statements Relating to Health Care Matters)**

31.   On or about June 12, 2022, in the Northern District of Indiana,

SANIA KHAN,

defendant herein, knowingly and willfully made a materially false, fictitious,

and fraudulent statement and representation, and knowingly and willfully

made and used a materially false writing and document knowing the same to

contain a materially false, fictitious, and fraudulent statement and entry, in

connection with the delivery of and payment for health care benefits, items,

and services involving Medicare, a health care benefit program as defined in

18 U.S.C. § 24(b), involving a medical record of patient M.B.;

All in violation of 18 U.S.C. § 1035 and 18 U.S.C. § 2.

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 11**
**(False Statements Relating to Health Care Matters)**

31.    On or about June 12, 2022, in the Northern District of Indiana,

SANIA KHAN,

defendant herein, knowingly and willfully made a materially false, fictitious,

and fraudulent statement and representation, and knowingly and willfully

made and used a materially false writing and document knowing the same to

contain a materially false, fictitious, and fraudulent statement and entry, in

connection with the delivery of and payment for health care benefits, items,

and services involving Medicare, a health care benefit program as defined in

18 U.S.C. § 24(b), involving a medical record of patient B.H.;

All in violation of 18 U.S.C. § 1035 and 18 U.S.C. § 2.

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 12</u>
**(False Statements Relating to Health Care Matters)**

32.    On or about June 12, 2022, in the Northern District of Indiana,

SANIA KHAN,

defendant herein, knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, and knowingly and willfully made and used a materially false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, in connection with the delivery of and payment for health care benefits, items, and services involving Medicare, a health care benefit program as defined in 18 U.S.C. § 24(b), involving a medical record of patient J.C.;

All in violation of 18 U.S.C. § 1035 and 18 U.S.C. § 2.

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 13</u>
**(False Statements Relating to Health Care Matters)**

33.    On or about July 19, 2022, in the Northern District of Indiana,

SANIA KHAN,

defendant herein, knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, and knowingly and willfully made and used a materially false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, in connection with the delivery of and payment for health care benefits, items, and services involving Medicare, a health care benefit program as defined in 18 U.S.C. § 24(b), involving a medical record of patient J.S.;

All in violation of 18 U.S.C. § 1035 and 18 U.S.C. § 2.

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 14**
**(False Statements Relating to Health Care Matters)**

34.    On or about February 3, 2023, in the Northern District of Indiana,

SANIA KHAN,

defendant herein, knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, and knowingly and willfully made and used a materially false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, in connection with the delivery of and payment for health care benefits, items, and services involving Medicare, a health care benefit program as defined in 18 U.S.C. § 24(b), involving a medical record of patient B.D.;

All in violation of 18 U.S.C. § 1035 and 18 U.S.C. § 2.

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 15</u>
**(False Statements Relating to Health Care Matters)**

35.    On or about February 3, 2023, in the Northern District of Indiana,

SANIA KHAN,

defendant herein, knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, and knowingly and willfully made and used a materially false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, in connection with the delivery of and payment for health care benefits, items, and services involving Medicare, a health care benefit program as defined in 18 U.S.C. § 24(b), involving a medical record of patient R.B.;

All in violation of 18 U.S.C. § 1035 and 18 U.S.C. § 2.

THE GRAND JURY FURTHER CHARGES:

## COUNT 16
### (False Statements Relating to Health Care Matters)

36.    Sometime between on or about May 31, 2020, and on or about February 5, 2023, in the Northern District of Indiana,

SANIA KHAN,

defendant herein, knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation, and knowingly and willfully made and used a materially false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry, in connection with the delivery of and payment for health care benefits, items, and services involving Medicare, a health care benefit program as defined in 18 U.S.C. § 24(b), involving a medical record of patient F.E.;

All in violation of 18 U.S.C. § 1035 and 18 U.S.C. § 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 17
### (Sale of Sample Drug)

37.     Sometime between on or about October 1, 2021, and on or about October 15, 2021, in the Northern District of Indiana,

### SANIA KHAN,

defendant herein, did knowingly sell and offer to sell a drug sample within the meaning of Title 21 United States Code, section 353(c)(1), involving patient R.B.;

All in violation of 21 U.S.C. §§ 331(t) and 333(b)(1)(B).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 18
### (Sale of Sample Drug)

38.    Sometime between on or about October 1, 2021, and on or about October 15, 2021, in the Northern District of Indiana,

SANIA KHAN,

defendant herein, did knowingly sell and offer to sell a drug sample within the meaning of Title 21 United States Code, section 353(c)(1), involving patient D.S.;

All in violation of 21 U.S.C. §§ 331(t) and 333(b)(1)(B).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 19
### (Sale of Sample Drug)

39.    Sometime between on or about April 4, 2022, and on or about

April 16, 2022, in the Northern District of Indiana,

### SANIA KHAN,

defendant herein, did knowingly sell and offer to sell a drug sample within the

meaning of Title 21 United States Code, section 353(c)(1), involving patient

J.K.;

All in violation of 21 U.S.C. §§ 331(t) and 333(b)(1)(B).

**THE GRAND JURY FURTHER CHARGES:**

**<u>COUNT 20</u>**
**(Witness Tampering)**

40.     Sometime between on or about August 19, 2024, and on or about August 21, 2024, in the Northern District of Indiana,

SANIA KHAN,

defendant herein, did knowingly attempt to intimidate, threaten, corruptly persuade, and engage in misleading conduct toward E.J., with the intent to influence, delay, and prevent the testimony of E.J. in an official proceeding;

All in violation of 18 U.S.C. § 1512(b)(1).

## FORFEITURE ALLEGATIONS

1.    The allegations contained in Counts 1 and 2 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(7).

2.    Upon conviction of an offense in violation of 18 U.S.C. § 1347 set forth in this Indictment, the defendant, Sania Khan, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the offense.

3.    Upon conviction of Count 1 and/or Count 2 in this Indictment, the government will seek a money judgment in the amount of proceeds received for the defendant's participation in the alleged offense(s).

4.    If any of the property described above, as a result of any act or omission of the defendant:

      a. cannot be located upon the existence of due diligence;
      b. has been transferred or sold to, or deposited with a third party;
      c. has been placed beyond the jurisdiction of the court;
      d. has been substantially diminished in value; or
      e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. §982(a)(7) and 28 U.S.C. § 2461(c).

A TRUE BILL

_____/s/ Foreperson_____
Foreperson

TINA L. NOMMAY
ACTING UNITED STATES ATTORNEY


_____/s/ Anthony W. Geller_____
By:    Anthony W. Geller
Assistant United States Attorney