UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 1:25-CR-33

SANIA KHAN

_____

### MOTION TO SEVER OR BIFURCATE COUNT 20
### AND TO EXCLUDE RELATED EVIDENCE

Defendant Sania Khan, through undersigned counsel and pursuant to Federal Rules of Criminal Procedure 8 and 14, hereby files this Motion for relief from prejudicial joinder and to sever or, alternatively, bifurcate Count 20 of the indictment. Ms. Khan further moves under Fed. R. Evid. 403, and the Fifth and Sixth Amendments, to exclude in the fraud trial any reference to government claims regarding employer-employee relations and interactions between the defendant and government witness E.J. during the period in which they were represented by counsel in this matter, where introduction of such issues, and the inevitable defenses to any such accusations, would create undue prejudice, implicate advice of present counsel, and unnecessarily prolong the trial on matters tangential to the core of the case and subject to multiple conflicting interpretations that may undermine the efficacy of defense representation.

Count 20 of the indictment in this case charges the defendant with attempting in August 2024 to improperly "influence, delay, and prevent the testimony of E.J. in an official proceeding." DE:1 at 27. The indictment does not specify the official

proceeding at issue, but there is a reference in a general allegations section of the indictment to an attempt to "persuade the employee [presumably E.J., who works with the defendant at the retinal surgery practice at issue in this case] to provide false information to federal investigators about the scheme and the alterations to the patient records." DE:1 at 9. The government alleges that the alleged scheme and record alterations—which are charged in 19 counts (Counts 1–19)—relate to conduct principally ending by February 2023. The period of time to which Count 20 relates is a later period in which both E.J. and the defendant were represented by counsel in the matter.

The Federal Rules of Criminal Procedure recognize that concerns for a fair trial require severance to curb the risk of compelling prejudice even if counts otherwise might satisfy the required common-plan relatedness requirements for joinder of offenses in a single indictment.

Fed. R. Crim. P. 8 states:

(a) Joinder of Offenses. The indictment ... may charge a defendant in separate counts with 2 or more offenses if the offenses charged ... are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 14 states:

(a) Relief. If a joinder of offenses ... in an indictment ... appears to prejudice a defendant ..., the court may order separate trials of counts, ... or provide any other relief that justice requires.

Defendant seeks by way of this motion to sever a single count (Count 20) that is temporally and circumstantially removed from the core allegations of the indictment

and which presents issues of compelling prejudice, confusion of issues, and confusion of the roles of defense counsel and defense witnesses, as well as requiring discussion of pre-filing interactions with the government and with counsel for individuals not charged in the case as well as directly with those individuals, and opens up issues of current operation of the retinal surgery medical provider practice in this case.  The inclusion of Count 20—which is a matter the government apparently seeks to have in the case, in part to argue that trial defense theories were litigation-preparation-based, rather than premised on the actual underlying circumstances of the medical practice—would extend the trial, place defense counsel (as well as counsel for witness E.J.) potentially in the position of being witnesses, and would convert ambiguous pretrial interactions of co-workers into a field of litigation that does not belong in the trial of the core issues of the case.

Unlike decisions to sever, which are discretionary, the propriety of joinder presents a question of law that is reviewed *de novo*.  *See United States v. Attanasio*, 870 F.2d 809, 815 (2d Cir. 1989) ("where joinder should not have been permitted, a conviction must be reversed, unless failure to sever was harmless error").  Even where joinder is appropriate as a matter of law, Fed. R. Crim. P. 14(a) provides for severance to where consolidation of counts in an indictment "appears to prejudice a defendant or the government" and permits the court to afford "any other relief that justice requires."

A joint trial of the Count 20 charge with the other criminal allegations will result in specific and compelling prejudice to the defense.  The effect of the charge of

3

pretrial conversations between the defendant and E.J., who was represented by counsel who (along with the government) expressly approved E.J.'s continued employment by the defendant as an essential employee of the medical provider, will be to allow evidence and argument which would taint the discrete issue running through the other 19 counts: whether billing by the medical practice was justified under governing law and whether answers to a civil subpoena mediated by prior counsel for the medical practice were of a nature to warrant criminal prosecution. Adding on to those charges an attack on interactions between employee E.J. and the defendant as much as two or more years after the events of the other 19 counts creates the exact forms of prejudice that call for severance under the federal rules.

## I.      The counts are not properly joined.

The Court must determine from the face of the indictment whether the charges are properly joined.  *United States v. Hubbard*, 61 F.3d 1261, 1270 (7th Cir. 1995). Under Rule 8(a), that inquiry looks to whether the offenses are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a).  Joinder is improper as a matter of law if this test is not satisfied, and a "'vague thematic connection' cannot, in and of itself, justify joinder." *United States v. Jawara*, 474 F.3d 565, 579 (9th Cir. 2007) (citation omitted).  The inquiry focuses on the indictment and is "categorical," requiring that the two offenses be of the same "class." *United States v. Alexander*, 135 F.3d 470, 475-76 (7th Cir. 1998).

The two offenses here are not of the same class or similar character.  The

indictment only links the two counts by improperly including tampering attempt allegation in the *substantive health care fraud* allegations, amounting to prejudicial surplusage. Indeed, the government has sought in the indictment to improperly *expand* the charges of substantive health care fraud, alleging that solely because of the alleged tampering attempt, the *substantive fraud* continued *long beyond* any accusations of substantive misconduct. This reflects an improper reading of the statutory language in 18 U.S.C. § 1347: tampering allegations—which do not affect a scheme to deprive money or property, nor implicate any traditional property interest, nor require any material misstatement or omission—are simply not material to any separate allegations of fraud.

"In determining whether the connection between the acts charged is sufficient to meet the requirements of joinder under Rule 8(a), the court should be guided by the extent of evidentiary overlap." *United States v. Beradi*, 675 F.2d 894, 899–900 (7th Cir. 1982). Here, there exists no evidentiary overlap between the discrete allegations related to Count 20 and the broader charges in the indictment. The alleged tampering attempt postdates by more than a year the other counts charged in the indictment. The improper joinder here functions to enable the government to *avoid* the Rule 403 analysis as to the propriety of admission of such allegations. As discussed below, *see* Part III, *infra*, the tampering attempt allegation is properly excluded from a trial on fraud and related counts. The government cannot use misjoinder to backdoor these allegations into the case, creating an unfair and misleading prejudicial sideshow that is likely to confuse the jury by creating a trial that focuses far more heavily on conduct

after initiation of both the investigation and a qui tam action, against the defendant and the clinic at which both she and E.J. worked, rather than focusing on the underlying allegations of fraud. The face of the indictment reveals that the counts were improperly joined—indeed, the improper inclusion of years-later tampering allegations in a substantive healthcare fraud count does not cure but rather highlights the misjoinder.

## II. Severance is warranted due to the extreme and undue prejudice that will result if the counts are tried together.

Joinder of offenses should not compromise a defendant's trial rights or create a risk of unreliable determination of guilt or innocence. *See United States v. Souffront*, 338 F.3d 809, 831 (7th Cir. 2003). "[A] defendant may be entitled to severance pursuant to Fed. R. Crim. P. 14 if he can show that he would suffer substantial prejudice from a joint trial." *United States v. Greenleaf*, 692 F.2d 182, 187 (1st Cir. 1982). The risk of prejudice in this instance is monumental, and other courts have severed in similar circumstances.

In *United States v. Maxwell*, 534 F.Supp.3d 299 (S.D.N.Y. April 16, 2021), the defendant, Ghislaine Maxwell, was charged in an indictment with various sex crimes as well as two counts of perjury which related to testimony at a civil deposition. The court found that "[t]rying the perjury counts together with the Mann Act counts would require admitting evidence of other acts likely to be unduly prejudicial. It would also risk disqualifying Maxwell's chosen counsel based on their involvement in the earlier civil case." *Id.* at 320. The same risk of disqualification and undue prejudice is

present here: Trying all the counts together would "compromise [the defendant's] right to the counsel of her choice and risk an unfair trial." *Id*. The court in *Maxwell* also cited concerns that "the evidence presented on the Mann Act counts may prejudice the jury's ability to fairly evaluate . . . a critical element of the perjury counts." *Id*. at 321. Here, given the government's inclusion of the tampering attempt allegation in the fraud counts of the indictment, a joint trial risks conviction on the fraud counts *based solely on the tampering attempt allegations*, and creates the severe risk that the jury will not independently determine crucial intent elements of the remaining counts.

Significantly, the risks of attorney disqualification were particularly integral to the decision to sever in *Maxwell* and are present here as well. As the court noted, disqualification would implicate the defendant's Sixth Amendment right to counsel of choice, *see id*. at 25 (citing *United States v. Kincade*, 2016 WL 6154901, at *6 (D. Nev. Oct. 21, 2016)), and the prejudice there was "especially pronounced because the attorneys who represented her in the civil case have worked with her for years and are particularly familiar with the facts surrounding the criminal prosecution." *Id*. (citing *United States v. Cunningham*, 672 F.2d 1064, 1070–71 (2d Cir. 1982)). The same attorney disqualification concerns are present here. A joint trial could place the defense attorneys, who have represented Ms. Khan for years, including pre-indictment representation regarding both the qui tam case and negotiations with the government in the criminal matter, in the position of becoming actual or effective witnesses.

The attempted tampering count is based on one witness's recollection and

subjective interpretations of conversations she had with the defendant; the defense of that count will necessarily relate to Ms. Khan's view of the case based on hours of conversation with counsel about not just potential defenses, but competing factual interpretations of relevant evidence. The charges of improper influence are necessarily rebutted by innocent explanations of how Ms. Khan at the time viewed the evidence, and that will inevitably invoke advice of counsel-related or good-faith-related defenses on the tampering attempt count. As well, advice of counsel conveyed to Ms. Khan regarding any limitations placed by the government on contacts with Ms. Khan's co-worker, E.J., coordination or interaction between counsel for both Ms. Khan and E.J. in their workplace where the administration of the relevant medication necessarily continued, and concerns that Ms. Khan not be perceived to confirm or justify any of the qui tam or planned criminal charges, all impact the context and interpretive meaning of statements made. The unusual circumstance of this case, arising from a confluence of medical practice necessity and legal/regulatory requirements, is notable in that the government approved the continued interaction of their witness and the defendant, even while the defendant was represented by counsel in the matter. This requires that every reasonable means be used, including severance, to minimize confusion, prejudice, and risk of disqualification.

Relatedly, undue prejudice from joinder is particularly substantial here because there is a strong possibility that Ms. Khan would want to testify in her own defense on the attempted tampering count but would not want to testify on the other counts, which are temporally and thematically distinct from the tampering attempt count.

"Prejudice may develop when an accused wishes to testify on one but not the other of two joined offenses which are clearly distinct in time, place and evidence." *Cross v. United States*, 335 F.2d 987, 989 (D.C. Cir. 1964). The availability of an advice-of-counsel or good-faith defense on the attempted tampering count increases the likelihood of Ms. Khan seeking to testify on her own behalf. No such defense is available on the other counts, creating a scenario where her testimony could be important to the defense of Count 20, but conflict with her right *not* to testify, which is equally essential to the remaining counts.

Other factors warrant a finding of undue prejudice if the case is tried together. A miscarriage of justice will result if allegations of counseled actions of an employer-employee relationship that the government sought to regulate, while negotiating the case with both the employer and employee, are permitted to become a tried issue in the case. There is, as discussed above, a substantial risk that the jury may make a determination of guilt predicated on the government's accusations regarding E.J.'s continued employment with the medical practice and the myriad legal-representation factors that pertain to those interactions. Additionally, the jury will very likely allow any finding of employment impropriety to convey guilt for the other alleged violations where those allegations are based on different acts at a time years earlier with different lawyers providing different advice, the government having already obtained communications with those prior counsel. As such, Count 20, and any reference to employer-employee relations long past the allegations of Counts 1–19, should be severed so that the defendant does not suffer specific and compelling prejudice to her

defense.

A severance should be granted "if there is a serious risk that [denial of a severance] would compromise a specific trial right" or a similar risk that the joinder may "prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).  The re-framing of the trial, and the entire status of witness, defendant, employee, and employer responses to counsel's advice in the pre-indictment phase of intensive negotiations and discussions with the government, both as to civil and criminal case matters—a qui tam action having already been filed against the medical practice with the involvement of the government—would cause the case to devolve into additional planes of defense and explanation that could deprive the defendant of a fair trial, result in a confusion of civil and criminal representational issues, cause a substantial miscarriage of justice, and confuse the jury in a manner inconsistent with due process.

### III.    Evidence related to the tampering attempt allegations must be excluded from the trial on fraud and related counts.

Evidence related to tampering allegations must be excluded from the trial on the fraud counts.  It falls into a category of evidence, similar to evidence of defendants' flight, that is "only marginally probative as to the ultimate issue of guilt or innocence." *United States v. Robinson*, 475 F.2d 376, 384 (D.C. Cir. 1973).  *See also United States v. Williams*, 33 F.3d 876, 879 (7th Cir. 1994) ("We have long adhered to the Supreme Court's counsel that courts be wary of the probative value of flight evidence") (citing *Wong Sun v. United States*, 371 U.S. 471, 483 n.10 (1963); *United*

10

*States v. Jackson*, 572 F.2d 636, 640 (7th Cir. 1978) (again, with respect to flight evidence, explaining that such purported consciousness of guilt evidence "should be regarded with caution"). It is "a species of evidence that should be viewed with caution; it should not be admitted mechanically, but rather district courts should always determine whether it serves a genuinely probative purpose that outweighs any tendency towards unfair prejudice." *United States v. Hernandez-Bermudez,* 857 F.2d 50, 54 (1st Cir. 1988) (there discussing evidence of flight). Here the alleged attempted tampering conduct is simply too attenuated from the underlying fraud allegations to be probative of anything. It will create a prejudicial sideshow that distracts from the core issues in the case, forcing Ms. Khan to litigate what occurred in a purported conversation years after the alleged fraudulent conduct even more than the underlying charged conduct itself. It poses a substantial risk that if the jury finds Ms. Khan guilty of attempt to tamper, it will assume, without independently considering, that she is guilty of the underlying fraud offenses. Indeed, the government's indictment invites this prejudicial conclusion by *including* the tampering attempt allegations as part of its substantive fraud allegations. After-the-fact conduct, post-investigation, is not a substitute for proof of the underlying allegations. As courts have instructed, it must be viewed with caution as its minimal probative value can be substantially outweighed by its unduly prejudicial effect. That is the case here, and the purported tampering attempt evidence must be excluded.

WHEREFORE, Defendant Sania Khan requests that the Court sever or, alternatively, bifurcate Count 20 from the trial of the remaining counts and exclude

11

evidence relating to the Count 20 accusation in the trial of Counts 1–19.

Respectfully submitted,

Daniel F. Rubio, Esq.
Florida Bar No. 1002594
Rubio, Rubio, & Rubio, PLLC
1107 N.E. 104th Street
Miami Shores, Florida 33138
Tel: (305) 892-5297


George J. Vila, Esq.
George J. Vila, P.A.
Florida Bar No. 141704
100 Almeria Avenue, Suite 205
Coral Gables, Florida 33134
Tel: (305) 445-2540

Klugh Wilson LLC
40 N.W. 3rd Street, PH1
Miami, Florida 33128
Tel: (305) 536-1191

By: /s/ Richard C. Klugh
Richard C. Klugh, Esq.
Florida Bar No. 305294

12