**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

**UNITED STATES OF AMERICA,**
Plaintiff,
vs. CASE NO. 25-00033-CR-HAB/ALT

**SANIA KHAN,**
Defendant.
_______________________________________/

**<u>DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS</u>**

Sania Khan, through undersigned counsel, submits this Reply in support of her Motion to Dismiss the Indictment (DE 50). Although the government's response (DE 66) includes a 16-page factual narrative that goes well beyond the content of indictment, the counts as charged fail to adequately allege federal offenses. A bill of particulars cannot cure a defective indictment, nor can a narrative section of a government brief. *Russell v. United States*, 369 U.S. 749, 770 (1962).

The government erroneously characterizes issues raised by the dismissal motion as factual questions subject to proof at trial. But the opposite is true. Legal deficiencies in an indictment are not mere factual issues, and resolution of the legal sufficiency of the indictment should not be postponed until during or after trial. Rule 12(b) exists so that defenses "capable of determination without the trial of the general issue" are decided now. *United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988). Ms. Khan is constitutionally entitled to notice of specific, adequately-pled charges against her. The indictment fails that test; it is defective, warranting dismissal.

## I. COUNTS 1 AND 2 MUST BE DISMISSED.

### A. Counts 1 and 2 do not sufficiently allege substantive fraud.

The government continues to adhere to the erroneous notion that a fraud-execution offense can be charged merely as a scheme, despite citing authority that at least one actual execution must

be charged for a prosecutable substantive fraud offense. The government's reliance on non-fraud cases is telling, including its clearly unavailing reliance on *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000), for the proposition that the indictment must provide "some means of pinning down the specific conduct at issue." *Id.* *Smith* thus did not overrule *Russell,* which requires the indictment to "descend to particulars," where generic statutory terms create ambiguity about which conduct is charged. 369 U.S. at 765. The indictment charges that Ms. Khan "sometimes" administered drug samples over a five-year period. "Sometimes" over five years pins down nothing—identifies no claim, patient, date, or payor for any actionable submission—particularly where the charge is *substantive* fraud, not conspiracy.

Each alleged execution of a fraud scheme is a *separate unit of prosecution*. *United States v. Longfellow*, 43 F.3d 318, 323-24 (7th Cir. 1994)(Section 1344 "punishes each execution of a fraudulent scheme rather than each act in furtherance of such a scheme"); *United States v. Anderson*, 188 F.3d 886, 891 (7th Cir. 1999) (complete when defendant obtained control of funds; subsequent transfers "created no more of a risk" and could not extend the period, because "otherwise . . . the scheme could continue as long as Anderson maintained control of the money, thus defeating the purpose of criminal statutes of limitations"); *United States v. Allender*, 62 F.3d 909, 912 (7th Cir. 1995) ("for each count of conviction, there must be an execution"). The government reverts to out-of-circuit cases, but they also require at least one identified execution to state a fraud count. *See* Gov't Resp. at 5-6.

The Government identifies no claim payment within five years of the May 28, 2025 Indictment, because the indictment identifies no such claim. The indictment does not allege a single unit of execution. An indictment that *identifies no execution* fails to charge an offense and deprives the defendant of essential notice. The government cannot save the fundamental deficiencies in this indictment by including a factual narrative in its response to Ms. Khan's motion

to dismiss. A response brief cannot amend an indictment. *Russell*, 369 U.S. at 770. Sufficiency must be evaluated based on what the grand jury charged, not an advocacy narrative. Counts 1 and 2 identify no claim, payment, or date of any execution. They must be dismissed.

**B. Counts 1 and 2 are time barred**.

The government's limitations answer relies on a precedential theory the Seventh Circuit has not adopted: that *substantive* fraud is a continuing offense. The courts have made clear that the continuing-offense doctrine is construed narrowly. *Toussie v. United States*, 397 U.S. 112, 115 (1970). An offense is complete as soon as every element of the crime occurs; the statute of limitations begins to run from that date, unless the statutory text or the nature of the crime compels a continuing construction. *United States v. Yashar*, 166 F.3d 873, 875-77 (7th Cir. 1999). *Yashar* warned that letting run-on charging language govern would render the limitations period virtually unbounded and transfer control of such matters from Congress to prosecutors. 166 F.3d at 879.

Each of the cases cited by the government required at least one identified execution inside the limitations period. The indictment in this case identifies none. A continuing-offense theory cannot substitute for alleging at least one claim, payment, or submission within the five-year window. The August 22, 2024 end date is an alleged *employee conversation*, not a billing event; any alleged execution *of the substantive fraud* would be completed at this point. Notably, *Anderson* treated later transfers of already-obtained funds as insufficient to restart the clock. 188 F.3d at 889-91. The concealment allegations here seek to blur the charges in Counts 1 and 2 with the other allegations in the indictment and are similarly insufficient to overcome the time bar.

The August 22, 2024 end date on which the government now relies is carried entirely by conduct related to a conversation with an employee years after claim submission that is alleged to have occurred after the investigation, and after Ms. Khan was represented by counsel; the government also rests on alleged conduct related to alterations. This is all conduct that follows

the completion of any alleged execution. Even in conspiracy cases (which this is not), where alleged concealment is more plausibly considered part of the ongoing offense (to the extent it aids the substantive actions of other conspirators), the Supreme Court has made clear that such acts of concealment that follow completion of the offense cannot extend the limitations period. *Grunewald v. United States*, 353 U.S. 391, 401-06 (1957). That principle applies with full force to substantive fraud. *United States v. Kilkenny*, 493 F.3d 122, 129-30 (2d Cir. 2007) (applying *Grunewald* to bank fraud; failure to repay fraudulent loan was not conducting the offense; scheme was "executed no later than when he received the funds from his fraudulent loan application").

The government cites *United States v. McGowan*, 590 F.3d 446, 457 (7th Cir. 2009), and *United States v. Thomas*, 986 F.3d 723 (7th Cir. 2021), to argue that alleged concealment is part of the "scheme." But in *McGowan*, a wire fraud case, the actual wire transmissions charged fell within the statutory time bar; that is, the wire transmissions themselves were a non-time-barred essential element. The healthcare fraud statute is distinct from the wire fraud statute and more akin to the bank fraud statute. *See Kilkenny*, 493 F.3d at 129-30. *Thomas*, meanwhile, was an evidentiary decision; it did not address limitations periods and is not on point. The same is true of *United States v. Jackson*, 572 F.2d 636, 639-40 (7th Cir. 1978), also cited by the government. *Jackson* treats this type of post-crime conduct, similar to that alleged here, as "consciousness of guilt"—which is evidence that, if it meets certain admissibility criteria (none of which Ms. Khan concedes here), can be introduced at trial. Such post-crime conduct is *not*, however, an element in and of itself, nor an essential requirement for the completion of the offense. Quite simply, consciousness-of-guilt evidence cannot be used to overcome a time bar.

### C. Counts 1 and 2 charge regulatory generalities, not fraud.

If the only charged basis for a representation being "false or fraudulent" is its technical non-compliance with various "short guides" put out by a regulatory agency, criminal fraud is not

sufficiently alleged. The government cannot define the charged misrepresentation by giving impermissible deference to a "short guide" put out by the Health and Human Services Office of Inspector General. This type of blind regulatory deference is worse than that which was considered by the Supreme Court in *Loper Bright v. Raimondo*, 603 U.S. 369 (2024)—there, the unwarranted deference was to a codified regulation; here, the "short guide" published by the regulatory agency has not gone through notice and comment, nor does it exist in the Code of Federal Regulations.

The government claims in its response that "[t]he reference to the HHS-OIG guide in paragraph 16" exists only to "provide[ ] one example of notice that such billing practices were illegal." DE:66:5. There are several problems with this argument. The government's implicit contention that the indictment does not assert that the guide is an official determination of the illegality of billing for samples is at best counterintuitive. The government admits its contention that the defendant "knew" it was illegal *because the guide said so*. Thus, the government is making dual use of the allegation, not just claiming that the defendant had notice that someone had opined that billing for samples is illegal, but that the guide *resolved* the question. This is critically important, because the government is not claiming that Regeneron itself was defrauded, but rather that Medicare was. However, a "short guide" does not *render* "such billing practices" illegal—that is precisely why the notice-and-comment process exists; and indeed why even enacted regulations are not entitled to deference in interpreting regulatory statutes, much less the criminal fraud statutes. Importantly, if the "short guide" is only "one example" of notice, then it is prejudicial surplusage and must be stricken from the indictment, particularly where the government has not alleged that Ms. Khan had any personal knowledge of this "short guide."

The government never identifies the statute or even a regulation that makes billing for a physician-administered drug sample "false" under any, much less all, circumstances. Rather than allege a false statement, the government has instead sought to give deference to agency guidance

in defining false statement and materiality. *Loper Bright* forbids that. In a conventional fraud case, the falsity is self-evident; but there are no traditional badges of fraud here. Where technical requirements in a "short guide" are the basis for an allegation of *material falsity*, the count fails to state an offense. No statute or rule apparently exists to support the government's legality theory. This renders the materiality allegations legally deficient. *See Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 194-95 (2016) (materiality is "demanding" and "cannot be found where noncompliance is minor or insubstantial"). Agency manuals, policy statements, and guidelines lack the force of law. *Echevarria v. Chicago Title & Trust Co.*, 256 F.3d 623, 629 (7th Cir. 2001) ("We are extraordinarily reluctant to follow unofficial interpretations which the agency itself does not view as binding"). Moreover, 42 U.S.C. § 1395hh provides that any Medicare manual instruction or interpretive rule that establishes or changes a substantive legal standard is ineffective without notice-and-comment rulemaking. If the "short guide" purports to state a substantive billing rule, it is legally ineffective. *See United States v. Bricker*, 135 F.4th 427 (6th Cir. 2025) (Sentencing Commission cannot override statute with policy statement).

The vagueness doctrine forbids criminal enforcement under these circumstances. *United States v. Edwards*, 869 F.3d 490, 501-02 (7th Cir. 2017). A person of ordinary intelligence is not on notice that billing, addressed only in an OIG pamphlet she is not alleged to have read, is a federal fraud felony. She is not alleged to have reviewed CMS billing manuals or OIG guidance. Due to this undue regulatory deference, these counts are vague as applied and must be dismissed.

**D. Relatedly, prejudicial surplusage must be stricken.**

For the same reasons, the prejudicial surplusage related to consciousness-of-guilt evidence must be stricken from the indictment. Ms. Khan does not concede the admissibility of such evidence at trial—regardless of how any such evidentiary issues are resolved, however, these allegations related to concealment are not properly included in a fraud count. Fed. R. Crim. P.

7(d) authorizes the Court to strike surplusage from the indictment where the challenged language is not relevant to the charge and is inflammatory and prejudicial. The concealment allegations here are not part of the elements of the substantive healthcare fraud offenses; they are substituted for them. Inclusion in the indictment of the prejudicial surplusage here risks conveying to the jury that alleged alterations or conversations with employees are sufficient to constitute healthcare fraud. But that is not the law; the execution of healthcare fraud is complete at the time a reimbursement has been paid out; the after-the-fact conduct charged here is not fraud, despite the government's post hoc argument. The allegations serve no legitimate purpose in the fraud charge and are prejudicial because they invite the jury to convict on conduct outside the scope of the alleged fraud. As such, they should be stricken as prejudicial surplusage.

**II. COUNTS 3 THROUGH 9 FAIL TO STATE AN OFFENSE.**

*Russell* makes clear that "[w]here the definition of an offence, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species" and "descend to particulars." 369 U.S. at 765 (citation omitted). Each charge in counts 3 through 9 of the indictment states an undifferentiated incorporation of statutory language, to the effect that Ms. Khan did "alter, destroy, conceal, cover up, falsify, and make a false entry" in a patient record. That is six statutory verbs charged conjunctively, without identifying the act, alteration, or false entry. The patient's initials identify the file, not the criminal conduct. Where the statutory language itself creates ambiguity about which specific conduct is charged, the indictment must descend to particulars. *Russell*, 369 U.S. 749, 765 (quoting *United States v. Cruikshank*, 92 U.S. 542, 558 (1876)); *see also United States v. Hillie*, 227 F. Supp. 3d 57, 70-72 (D.D.C. 2017) (dismissing counts under broadly worded federal statute where indictment merely parroted statutory language without identifying the particular conduct charged). The Government argues that discovery will

supply the missing detail. But discovery is not a substitute for a constitutionally sufficient indictment. *Russell*, 369 U.S. at 770, holds that a bill of particulars cannot save an invalid indictment; similarly, discovery does not supply what the grand jury's charge must contain.

Further warranting dismissal is the fact that while Counts 3 through 8 each identify a specific date, Count 9 spans May 31, 2020 to February 5, 2023, a 33-month window. *United States v. Berardi*, 675 F.2d 894, 898-99 (7th Cir. 1982), upheld a single count covering multiple episodes only where the episodes occurred within a short period, involved one witness, and concerned one object. *Berardi* warned that "wide-ranging," "vaguely defined" activities may be prejudicially duplicitous. A three-year window alongside precisely dated companion counts is precisely the "wide-ranging" and "vaguely defined" charge *Berardi* cautioned against. *See United States v. Tanner*, 471 F.2d 128 (7th Cir. 1972) (vaguely defined count was prejudicially duplicitous).

The government cites *United States v. Leibowitz*, 857 F.2d 373, 378 (7th Cir. 1988), to argue an exact date is not an element. But *Leibowitz* involved a 21-day discrepancy between the "on or about" date in the indictment and the date proved at trial for a single substantive count. The court there held that "[t]he courts agree that when the indictment uses the 'on or about' designation, proof of a date reasonably near to the specified date is sufficient." *Id*. It was a proof case, not a notice case; it dealt with whether prejudice resulted from the date variance. *Leibowitz* did not involve a count charging an event alleged to have occurred *within a several-year window*, charged alongside precisely dated companion counts. Count 9 does not provide sufficient notice, and prejudices Ms. Khan in preparing her defense. Additionally, Count 9 alongside Counts 3 through 8 creates duplicity problems warranting dismissal; *United States v. Buchmeier*, 255 F.3d 415, 424-25 (7th Cir. 2001), establishes that the government must charge *either* individual transactions *or* a continuing course of conduct. Charging both in this manner renders the counts duplicitous.

**III. COUNTS 10 THROUGH 16 MUST BE DISMISSED.**

*United States v. Natale*, 719 F.3d 719 (7th Cir. 2013), cited by the government, makes clear that any false statement must be material "to the healthcare benefit program"; that is, the healthcare benefit program must be the decisionmaker. The records charged in Counts 10 through 16 were allegedly altered years after all claims were paid; they were produced only to DOJ civil attorneys in response to a False Claims Act Civil Investigative Demand. The records never entered any billing channel, payment system, or Medicare contractor audit. The only audience was a separate civil investigation, not the health care benefit program's payment or audit apparatus. This does satisfy the nexus element as discussed in *Natale*. 719 F.3d at 733-34. Records allegedly altered years after payment do not constitute a false statement under the statute.

**IV. COUNT 20 MUST BE DISMISSED.**

Count 20 omits essential conduct giving rise to the offense and therefore fails to comply with constitutional notice requirements. An indictment that charges four disjunctive statutory verbs without identifying the underlying conduct provides no notice of the offense. Count 20 does not allege what Ms. Khan said, what means she employed, or how her words crossed the line from protected speech into criminal conduct. Without those allegations in the charging language, the Court cannot evaluate the legal sufficiency of the charge, and Ms. Khan cannot prepare for trial nor be protected against double jeopardy concerns. The government's responsive factual narrative cannot supply what the count omits.

**V. A BILL OF PARTICULARS IS WARRANTED.**

Alternatively, the government should be ordered to file a bill of particulars identifying: (a) for Counts 1 and 2, the requisite fraud executions charged, i.e., the specific claims alleged to be false, including sufficient information for the defense to identify the relevant medical event and relevant medical, surgical, and billing factors pertaining to it; (b) for each of Counts 3 through 9,

which of the six statutory conduct bars (alter, destroy, conceal, cover up, falsify, or make a false entry) the Government intends to prove, the alteration or false entry alleged, and the date of the charged act within Count 9's three-year window; (c) for each of Counts 10 through 16, the specific statement alleged to be false, the connection between the statement and a healthcare benefit program's payment or service function, who made the statement, and who it was directed to; and (d) for Count 20, the specific words or conduct Ms. Khan is alleged to have used, the specific context, and the basis for alleging corrupt intent rather than a protected denial of guilt. The defense preserves its position that a bill of particulars cannot save an invalid indictment, *Russell*, 369 U.S. at 770, but submits that particulars are the minimum the Constitution requires absent dismissal.

**CONCLUSION**

WHEREFORE, the Defendant, Sania Khan, respectfully requests that this Court dismiss the indictment or in the alternative order a bill of particulars.

The Defendant, by and through undersigned counsel, and pursuant to *N.D. Ind. L.R. 7-5(a)*, respectfully renews her request for a hearing on this Motion and on the reply herein. The intersection of the substantive fraud elemental requirements, statute-of-limitations defense, regulatory-guidance and vagueness challenges following *Loper Bright*, Section 1035 nexus question, and multiple independent defects in Count 20 present issues that would benefit from oral argument. Undersigned counsel anticipates that approximately 30 minutes will be required for argument.

Respectfully submitted,

Daniel F. Rubio, Esq.
Florida Bar No. 1002594
Rubio, Rubio, & Rubio, PLLC
1107 N.E. 104th Street
Miami Shores, Florida 33138
Tel: (305) 892-5297

George J. Vila, Esq.
George J. Vila, P.A.
Florida Bar No. 141704
100 Almeria Avenue, Suite 205
Coral Gables, Florida 33134
Tel: (305) 445-2540

Klugh Wilson LLC
40 N.W. 3rd Street, PH1
Miami, Florida 33128
Tel: (305) 536-1191

By: /s/ Richard C. Klugh
Richard C. Klugh, Esq.
Florida Bar No. 305294
E-mail: rklugh@klughwilson.com
Counsel for Defendant Sania Khan