**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

UNITED STATES OF AMERICA,

v.

SANIA KHAN,

CASE NO. 1:25-CR-33-HAB-ALT

**OPINION AND ORDER**

On May 28, 2025, a federal grand jury indicted Defendant Sania Khan ("Khan") in a twenty-count indictment (the "Indictment"). (ECF No. 1). Before the Court is Khan's Motion to Dismiss the Indictment (ECF No. 50) which the parties have fully briefed (ECF Nos. 66, 73). For the reasons set forth below, the motion will be denied.

## I. BACKGROUND

Counts 1 and 2 of the Indictment charge Khan with committing health care fraud for executing or attempting to execute a scheme to defraud Medicare and Indiana Medicaid, respectively, in violation of 18 U.S.C. § 1347. Included with those counts is an explanation of the alleged schemes: Khan and her husband acquired an ophthalmology practice in 2019, with Khan's husband serving as the licensed physician and Khan working as the office manager. (ECF No. 1 ¶¶ 8–9). Between 2019 and 2024, Khan's husband would administer free samples of an injected eye medication to patients, after which Khan allegedly would bill Medicare or Indiana Medicaid for those free samples in violation of federal law prohibiting the sale of sample drugs. (*Id.* ¶¶ 11–16). The Indictment further alleges that the goal of the schemes "was to seek reimbursement from Medicare and Indiana Medicaid for commercial and purchased doses of a particular medication

when sample doses were actually administered," (*Id.* ¶ 19) because the practice "sometimes failed to obtain appropriate prior authorization for administration of commercial and purchased medication doses for patients, and these claims were denied for reimbursement" (*Id.* ¶ 20). To recover the lost funds from those denials, Khan allegedly submitted false claims to Medicare and Indiana Medicaid by billing for commercial doses when only a sample dose was administered on the date of service. (*Id.*) In furtherance of this scheme and to conceal the false claims, Khan and an employee under her direction allegedly accessed and altered patient records to remove evidence of sample doses. (*Id.* ¶ 21). The Indictment also alleges that Khan "directed, advised, and attempted to corruptly persuade the employee to provide false information to federal investigators about the schemes and the alterations to the patient records," all in an attempt to "obstruct the investigation and to conceal the prior alterations to patient records." (*Id.* ¶ 23).

Counts 3 through 9 of the Indictment charge Khan with obstructing justice in violation of 18 U.S.C. § 1519 and 18 U.S.C. § 2 through making false entries in the medical records of seven particular patients. Counts 10 through 16 of the Indictment charge Khan with making false statements relating to health care matters involving Medicare in violation of 18 U.S.C. § 1035 and 18 U.S.C. § 2, likewise involving alleged false entries in the medical records of those same seven patients. Counts 17 through 19 charge Khan with three illegal sales of sample drugs to three particular patients in violation of 21 U.S.C. §§ 331(t) and 333(b)(1)(B). Count 20 charges Khan with witness tampering in violation of 18 U.S.C. § 1512(b)(1).

On July 12, 2026, Khan filed a Motion to Bifurcate or Sever Count 20 (ECF No. 44) for which she requested an evidentiary hearing with an in-camera review of evidence relating to a potential advice-of-counsel defense. Shortly thereafter, on July 16, 2026, Khan filed five additional pretrial motions: (a) Motion for Release of Brady Materials (ECF No. 49); (b) Motion to Dismiss

the Indictment (ECF No. 50); (c) Motion to Dismiss Counts 17–19 for lack of specificity and failure to state an offense (ECF No. 51); (d) Motion to Dismiss Counts 17–19 for selective or vindictive prosecution (ECF No. 52); and (e) Motion to Exclude Evidence (ECF No. 53). On August 21, 2026, Khan filed a Notice of Request for Oral Argument on the other pending pretrial motions. (ECF No. 72).

The Court held an evidentiary hearing as to the Motion to Bifurcate as well as oral arguments on the other pending pretrial matters on September 29, 2026. (ECF No. 83). During the hearing, the Court commenced an in-camera review of evidence pertaining to Khan's advice-of-counsel defense, though ultimately no evidence was taken and the in-camera portion was concluded. The Court then heard oral arguments and thereafter orally denied Khan's Motion for Brady Materials (ECF No. 49) as well as granted in part and denied in part the Motion to Exclude Evidence (ECF No. 53). The Court noted the other four motions (ECF Nos. 44, 50, 51, 52) remained under advisement.

## II. LEGAL STANDARD

"The Fifth Amendment guarantee of the right to indictment by a grand jury, its protection against double jeopardy, and the Sixth Amendment guarantee that a defendant be informed of the nature of the charges against him establish the minimum requirements for an indictment." *United States v. Fassnacht*, 332 F.3d 440, 444 (7th Cir. 2003). To that end, Federal Rule of Criminal Procedure 7 requires that an indictment must cite the statute allegedly violated and "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. (7)(c)(1). Rule 12 provides that, before trial, a defendant may challenge the sufficiency of an indictment in several

ways, including by arguing that the indictment lacks specificity, Rule 12(b)(3)(B)(iii), or that it fails to state an offense, Rule 12(b)(3)(B)(v).

"In determining whether an indictment charges a cognizable offense, [the court is] bound by the four corners of the indictment, must accept the truth of the allegations in the indictment, and cannot consider evidence that does not appear on the face of the indictment." *United States v. Kelly*, 874 F.3d 1037, 1046-47 (9th Cir. 2017); *accord United States v. DiFonzo*, 603 F.2d 1260, 1263 (7th Cir. 1979) (holding that a defendant moving to dismiss an indictment for failure to state an offense may not invoke facts that "transcend the four-corners of" the indictment). "An indictment must notify the defendant of the nature of the charges against him, but it need not precisely mimic the words of the relevant statute." *United States v. Schaul*, 962 F.3d 917, 922 (7th Cir. 2020). "[T]he sufficiency of an indictment is to be reviewed practically, with a view to the indictment in its entirety, rather than in any 'hypertechnical manner.'" *United States v. Fassnacht*, 332 F.3d 440, 445 (7th Cir. 2003). "An indictment which includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test." *Id.* at 446; *see also United States v. McLeczynsky*, 296 F.3d 634, 636 (7th Cir. 2002) ("An indictment is deemed sufficient if it: (1) states the elements of the offense charged; (2) fairly informs the defendant of the nature of the charge so that he may prepare a defense; and (3) enables him to plead an acquittal or conviction as a bar against future prosecutions for the same offense.").

## III. DISCUSSION

In this and the other pretrial motions filed by defense counsel, Defendant Sania Khan seems to have taken to heart the idiom "throw spaghetti at the wall and see what sticks." Khan moves to dismiss each count of the Indictment for a plethora of reasons, including untimeliness, prejudicial

surplusage, and unconstitutional vagueness, among others. If dismissal is not warranted, Khan asks the Court to order the Government to provide a Bill of Particulars "stating the missing particulars for each of the allegations . . . simply to enable the defendant to know what she must defend against." (ECF No. 50 at 20).

Here, as in her other pretrial motions, Khan's spaghetti-against-the-wall theory has failed to stick.

### A. Counts 1 and 2

Khan asserts multiple reasons why Counts 1 and 2 should be dismissed, which the Court loosely groups into four categories: (i) failure to state a claim; (ii) untimeliness; (iii) prejudicial surplusage; and (iv) *Loper Bright* violation.

#### *i. Failure to State a Claim*

Khan makes much to do about the lack of specificity in Counts 1 and 2, particularly when it comes to the Government's alleged failure to identify a single "execution" of the schemes and the lack of "any specific false statement or material misrepresentation." (ECF No. 50 at 6). Without more particulars, Khan believes the Indictment has "deprive[d] the defendant of essential notice." (ECF No. 73 at 2).

As stated above, an indictment is sufficient if it "includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated." *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003). And in examining the indictment, the Court should review it "practically, with a view to the indictment in its entirety, rather than in any 'hypertechnical manner.'" *Id.* at 445. But even when an indictment tracks the statutory language, it can still be deficient if it "does not provide enough factual particulars to 'sufficiently apprise the defendant of what he must be prepared to

meet.'" *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000) (quoting *Russell v. United States*, 369 U.S. 749, 763 (1962)). The Seventh Circuit requires, "at a minimum, that [the indictment] provide some means of pinning down the specific conduct at issue." *Id.*

As a first step, the Court looks to the elements of the statute underlying Counts 1 and 2. An individual violates the health care fraud statute by "knowingly and willfully execut[ing], or attempt[ing] to execute, a scheme or artifice" to either (1) "defraud any health care benefit program" or (2) "obtain, by means of false and fraudulent pretenses, . . . money or property owned by, . . . any health care benefit program." 18 U.S.C. § 1347(a)(1)–(2); *United States v. Schaul*, 962 F.3d 917, 923 (7th Cir. 2020). The Seventh Circuit pattern jury instruction includes five elements: (1) there was a scheme to defraud a health care benefit program; (2) the defendant knowingly carried out/ attempted to carry out the scheme; (3) the defendant willfully carried out/attempted to carry out the scheme; (4) the scheme involved a materially false or fraudulent pretense, representation, or promise; and (5) the scheme was in connection with the delivery of or payment for health care benefits, items, and services. Pattern Crim. Jury Instr. 7th Cir., 18 U.S.C. § 1347(a)(1) Health Care Fraud—Elements (2025).

Counts 1 and 2 track the statutory language specifically but also describe the fraud schemes overall. Count 1 alleges that "[b]eginning in 2019 and continuing through on or about August 22, 2024, in the Northern District of Indiana, Sania Khan . . . knowingly and willfully executed or attempted to execute a scheme and artifice to defraud, and obtain by means of false and fraudulent pretenses, . . . money and property owned by and under the custody and control of Medicare . . . ." (ECF No. 1 ¶ 17). That language is repeated with Count 2, though substituting "Indiana Medicaid" for "Medicare." (*Id.* ¶ 18). The Indictment also details how, for what purpose, and for how long the schemes took place: the ophthalmology practice administered free samples of Eylea to patients

and then Khan billed Medicare or Indiana Medicaid for reimbursement of those samples as if a commercial dose had been given. (*Id.* ¶ 20). Though the schemes started in 2019, they continued through 2024 by Khan allegedly acting to conceal them through the alteration of patient records in 2022 (*Id.* ¶ 21–22) and witness tampering in 2024 (*Id.* ¶ 23).

The Court is convinced that the Indictment sufficiently notified Khan that she was charged with "what the statute as a whole aims to prevent" in that it explains in sufficient detail that Khan "was charged with executing a scheme to submit fraudulent Medicaid [and Medicare] claims and pocket the money." *Schaul*, 962 F.3d at 923. *United States v. Davis*, 471 F.3d 783 (7th Cir. 2006), is instructive here. There, the Seventh Circuit upheld the indictment for one count under § 1347 where the defendant was charged with one crime—health care fraud—and the indictment "set[ ] out an ongoing and continuous course of conduct, accomplished through three different methods, that were repeated on numerous (likely daily) occasions over several years." *Id.* at 790. The Indictment here does the same, setting out her course of conduct—practice doctors administered sample doses of Eylea, Khan then billed Medicare and Indiana Medicaid for reimbursement of those doses, which she then attempted to cover up in multiple ways—which was ongoing between 2019 and August 2024, repeated several times over several years. While Khan may wish that there were more specific instances alleged, the factual allegations here provide enough to "pin[] down the specific conduct at issue." *Smith*, 230 F.3d at 305.

Likewise, the Court rejects Khan's assertion that the Indictment fails to allege "any specific false statement or material representation" and thus should be dismissed. (ECF No. 50 at 6). Indeed, the Indictment takes great strides to not only say what the false statements were, but why they were false. *See* ECF No. 1 ¶ 20 ("To enrich herself and ACRS and to recover the lost money, Khan submitted, and caused to be submitted, false claims to Medicare and Indiana Medicaid for

reimbursement of free samples administered on other occasions and/or administered to other patients. These claims were false because the claims purported to bill for commercial doses when a sample dose was administered on that date of service.”). This information is more than enough to satisfy the low threshold of “notify[ing] the defendant of the nature of the charges against [her].” *Schaul*, 962 F.3d at 922.

Ultimately, Khan has not convinced the Court that Counts 1 and 2 are vague or else fail to state a claim.

***ii. Untimeliness***

Next, Khan contends Counts 1 and 2 are time barred under the five-year statute of limitations[1] because the Indictment did not identify any specific “executions” of the fraud scheme within the limitations period and the Seventh Circuit has not decided whether § 1347 is a continuing offense. In response, the Government points to decisions by the Second, Fifth, and Ninth Circuits[2] recognizing health care fraud as a continuing offense and argues that the health care fraud scheme was alleged to have occurred beginning in 2019 and continuing through August 2024, well within the five-year statute of limitations.

The Court agrees that Khan has not established that Counts 1 and 2 are time barred. First, the Seventh Circuit has implied that health care fraud can be a continuing offense. *See Davis*, 471 F.3d at 791 (accepting a health care fraud indictment where it “sets out an ongoing and continuous course of conduct, accomplished through three different methods, that were repeated on numerous (likely daily) occasions over several years”).

---

[1] *See* 18 U.S.C. § 3282.

[2] *See United States v. Rutigliano*, 790 F.3d 389, 396 (2d Cir. 2015); *United States v. Hickman*, 331 F.3d 439, 446 (5th Cir. 2003); *United States v. Holden*, 806 F.3d 1227, 1232 (9th Cir. 2015).

Second, even if it were not a continuing offense, and even if the Court were to accept Khan's argument that witness tampering is not sufficiently related to the substantive fraud to extend the limitations period (ECF No. 73 a 3–4), Khan has brushed aside the allegations of concealment in support of the scheme. Under either § 1347(a)(1) or (2),[3] the fourth element of the crime is that "[t]he scheme involved a materially false or fraudulent pretense, representation, or promise." *See* Pattern Crim. Jury Instr. 7th Cir., 18 U.S.C. § 1347(a)(1) Health Care Fraud—Elements (2025). Noting the similarities between the healthcare fraud and mail/wire/bank fraud statutes, the Seventh Circuit has instructed that, as with the other fraud statutes, "a materially false or fraudulent pretense, representation, or promise may be accomplished by an omission *or by the concealment of material information*." *Id.* cmt. Materiality (emphasis added); *see also United States v. Powell*, 576 F.3d 482, 490 (7th Cir. 2009) ("A scheme to defraud requires 'the making of a false statement or material misrepresentation, or the concealment of [a] material fact.'"). Here, Counts 1 and 2 allege that the scheme included both the false claims for reimbursement *and* the concealment of those false claims through altering patient records in 2022. (ECF No. 1 ¶ 20–21). So even if witness tampering were not viewed as part of the overall fraud scheme, Counts 1 and 2 allege concealment in pursuit of the scheme well within the limitations period.

Thus, Khan has not established that Counts 1 and 2 should be dismissed as untimely.

---

[3] The Government elected to track the language of both § 1347(a)(1) and (2), meaning she has been charged with both executing a scheme to defraud a healthcare program and executing a scheme to obtain by false pretenses money or property of a healthcare program in connection with the delivery of or payment for healthcare benefits/items/services. *See United States v. Schaul*, 962 F.3d 917, 923 (7th Cir. 2020); *United States v. LeDonne*, 21 F.3d 1418, 1427 (7th Cir. 1994) ("[W]here a statute defines two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count in order to adequately apprise the defendant of the government's intention to charge him under either prong of the statute.").

***iii. Surplusage***

Next, Khan asks the Court to strike the obstruction allegations as improperly included in the fraud counts and thus "prejudicial surplusage." Notably, Khan cites no relevant case authority in her Motion or her Reply for her argument and her conclusory declaration that obstruction cannot be part of the scheme because "the execution of healthcare fraud is complete at the time a reimbursement has been paid out." (ECF No. 73 at 7). Accordingly, the Court finds this argument waived. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues).").

Even if it weren't waived, however, the Government has supplied ample authority for the notion that acts taken to evade detection in a fraud scheme are, in fact, part of the scheme itself, even if those acts are taken *after* the victim's property was obtained. *See United States v. Thomas*, 986 F.3d 723, 730 (7th Cir. 2021) (finding that efforts to conceal can be part of a fraud scheme because "[t]he object of fraud is to deceive without detection" and that it "follows that efforts to make the deception more effective are part and parcel of the fraud itself"); *United States v. McGowan*, 590 F.3d 446, 457 (7th Cir. 2009); *see also United States v. LeDonne*, 21 F.3d 1418, 1430 (7th Cir. 1994) ("Avoidance of detection is often a material part of a fraudulent scheme; for an illegal scheme would hardly be undertaken were there to be no profit to the plotters.").

Thus, Khan has failed to establish Counts 1 and 2 contain any prejudicial surplusage.

***iv.* Loper Bright *Violation***

Finally, Khan gloms on to the Indictment's quick reference to a Department of Health and Human Services Office of the Inspector General "short guide for new physicians" to argue that Counts 1 and 2 should be dismissed under *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369

(2024). There, the Supreme Court held that "courts must exercise independent judgment in determining the meaning of statutory provisions. *Id.* at 394. Further, courts "may not defer to an agency interpretation of the law simply because a statute is ambiguous." *Id.* at 413.

Like the Government, the Court struggles to fathom how *Loper Bright* could apply here, in a criminal context, where the Defendant was charged with a crime under a specific statute. Further, the notion that the mere mention of regulatory guidance in the description of the scheme would somehow warrant the dismissal of an otherwise legally sufficient Indictment lacks caselaw support and is plainly nonsensical.

As stated above, the Counts 1 and 2 sufficiently track the statutory language and clearly charge Khan with a scheme of making misrepresentations to Medicare and Indiana Medicaid in order to obtain money to which she was not entitled. Once again, this is enough for the Indictment to be legally sufficient.

**B. Counts 3–9**

As with Counts 1 and 2, Khan argues that Counts 3–9 should be dismissed due to vagueness. Specifically, Khan decries that those counts "contain a laundry list of statutory alternatives but do not allege specific conduct" and that it is "impossible" to distinguish between the Counts 3–8 (which fall on specific dates) and Count 9 (which includes dates covering a three-year span). (ECF No. 50 at 14).

And as with the vagueness arguments for the first two Counts, Khan's argument here fails. Counts 3 through 9 charge Khan with obstruction of justice, alleging that on specific dates, in the Northern District of Indiana, Khan "did knowingly alter, destroy, conceal, cover up, falsify, and make a false entry in a record . . . namely a medical record of patient [initials], with the intent to impede, obstruct, and influence the investigation" of the Department of Justice and Department of

Health and Human Services, all in violation of 18 U.S.C. § 1519 and 18 U.S.C. § 2. Each count includes the date[4] on which the conduct allegedly occurred, explains that the alteration/falsification occurred in a medical record of a particular patient, and includes the specific federal departments/agencies with jurisdiction over the matter Khan allegedly obstructed.

Not only does the language track the statute, these Counts also objectively include "enough factual particulars to sufficiently apprise the defendant of what [s]he must be prepared to meet." *Smith*, 230 F.3d at 305; *see also Fassnacht*, 332 F.3d at 446 ("An indictment which includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test.").

Thus, Counts 3–9 are sufficiently detailed to survive Khan's dismissal request.

**C. Counts 10–16**

Khan's challenges to Counts 10–16 fare no better. These Counts charge Khan with violating 18 U.S.C. § 1035, which criminalizes making false statements relating to health care matters. In full, the relevant part of the statute provides "Whoever, in any matter involving a health care benefit program, knowingly and willfully—. . . makes any materially false, fictitious, or fraudulent statements or representations, or makes or uses any materially false writing or document knowing the same to contain any materially false, fictious, or fraudulent statement or entry, in connection with the delivery of or payment of for health care benefits, items, or services" shall be fined or imprisoned. 18 U.S.C. § 1035(a)(2).

---

[4] Khan in particular challenges the sufficiency of Count 9, which alleges the conduct occurred sometime within a three-year period between May 2020 and February 2023. While the extended time frame does give the Court pause, any vagueness that may be present on account of the date range is surely ameliorated by the inclusion of a specific patient whose records were allegedly altered. Likewise, given that each Count alleges a change in the records of a different identified patient, Khan's "multiplicity" claim is meritless.

As with the obstruction charges, Khan argues Counts 10–16 are deficient because they fail to allege particular false statements. And as with the obstruction charges, Counts 10–16 follow the statute's language, with the additions of the dates, location, patient initials, and the inclusion of Medicare as the specific health care benefit program. This is enough for the Indictment to pass muster. *See Fassnacht*, 332 F.3d at 446.

Khan also contends these charges fail to state a claim because § 1035 does not apply to "the post hoc altering or destruction of medical records." (ECF No. 50 at 16). From Khan's perspective, the charges fail because "the obstructed records alleged here were never presented to Medicare and were produced only in response to a civil FCA demand by the Justice Department." (*Id.* at 18). But this argument is fruitless because it attempts to involve evidence that does not appear on the face of the indictment. *See United States v. DiFonzo*, 603 F.2d 1260, 1263 (7th Cir. 1979) (holding that a defendant moving to dismiss an indictment for failure to state an offense may not invoke facts that "transcend the four-corners of" the indictment). Here, the Indictment says the false statements were made "in connection with the delivery of and payment for health care benefits, items, and services involving Medicare, a health care benefit program . . . ." (ECF No. 1 ¶ 31). That is all that is needed to satisfy this Court that the charge is adequate.

Therefore, Counts 10–16 need not be dismissed.

**D. Count 20**

Finally—and apparently to round things out—Khan lobs a vagueness challenge at Count 20, which alleges witness tampering in violation of 18 U.S.C. §1512(b)(1). But as with the other charges here, Count 20 follows the language of the statute, alleges the date and location of the conduct, as well as specifies to whom the tampering was aimed. *See* ECF No. 1 ¶ 20. Once again,

this is more than enough to provide Khan with "some means of pinning down the specific conduct at issue." *Smith*, 230 F.3d at 305.

Simply put, Khan has provided no reason to dismiss Count 20.

**E. Request for Bill of Particulars**

In the alternative to dismissal, Khan asks the Court to order the Government to file a Bill of Particulars "stating the missing particulars for each of the allegations . . . simply to enable the defendant to know what she must defend against." (ECF No. 50 at 20).

Under Fed. R. Crim P. 7(f), the Court may direct the government to file a bill of particulars if it determines the defendant is not sufficiently apprised of the charges against her to adequately prepare for trial. *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008). In deciding whether a bill of particulars is appropriate, the court may consider "the complexity of the charges, the clarity of the indictment, and the degree of discovery available to the defense absent a bill." *United States v. Esteves*, 886 F. Supp. 645, 646 (N.D. Ill. 1995). Generally, an indictment that includes each element of the charged offense, the time and place of the accused's allegedly criminal conduct, and a citation to the applicable statute is sufficient to meet that standard. *See United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003). But Rule 7(f) is not a vehicle for a defendant to improperly force the government to reveal its theory and how it intends to prove each charge at trial. "The defendant's constitutional right is to know the offense to which he is charged, not to know the details of how it will be proved." *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981); *see also United States v. O'Malley*, 796 F.2d 891, 898 n.9 (7th Cir. 1986) (noting the government need not "set forth in its indictment the theory that it intends to use at trial to establish the elements of the crime").

Having established no deficiencies in the Indictment, the Court cannot determine what information Khan seeks that is not available in either discovery or the Indictment itself. Put simply, the Indictment is sufficiently detailed and alleges all essential elements of the offenses contained therein. Nor has Khan disputed the Government's contention that Khan should be able to identify the information she seeks through review of the ample discovery provided in this case. Ultimately, the Indictment, coupled with the pretrial discovery produced in this case, is sufficient to apprise Khan of the nature of the offenses for which she is charged.

Therefore, Khan's request for a Bill of Particulars is denied.

## IV. CONCLUSION

For these reasons, Khan's Motion to Dismiss the Indictment (ECF No. 50) is DENIED.

**SO ORDERED** this 30th day of October 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT