**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO. 1:25-CR-33-HAB-ALT |
| SANIA KHAN, | |

## OPINION AND ORDER

On May 28, 2025, a federal grand jury indicted Defendant Sania Khan ("Khan") in a twenty-count indictment (the "Indictment"). (ECF No. 1). Before the Court is Khan's Motion to Sever or Bifurcate Count 20 and to Exclude Related Evidence (ECF No. 44) which the parties have fully briefed (ECF Nos. 59, 69). For the reasons set forth below, the motion will be denied.

## I. BACKGROUND

Counts 1 and 2 of the Indictment charge Khan with committing health care fraud for executing or attempting to execute a scheme to defraud Medicare and Indiana Medicaid, respectively, in violation of 18 U.S.C. § 1347. Included with those counts is an explanation of the alleged schemes: Khan and her husband acquired an ophthalmology practice in 2019, with Khan's husband serving as the licensed physician and Khan working as the office manager. (ECF No. 1 ¶¶ 8–9). Between 2019 and 2024, Khan's husband would administer free samples of an injected eye medication to patients, after which Khan allegedly would bill Medicare or Indiana Medicaid for those free samples in violation of federal law prohibiting the sale of sample drugs. (*Id.* ¶¶ 11–16). The Indictment further alleges that the goal of the schemes "was to seek reimbursement from Medicare and Indiana Medicaid for commercial and purchased doses of a particular medication when sample doses were actually administered," (*Id.* ¶ 19) because the practice "sometimes failed

to obtain appropriate prior authorization for administration of commercial and purchased medication doses for patients, and these claims were denied for reimbursement" (*Id.* ¶ 20). To recover the lost funds from those denials, Khan allegedly submitted false claims to Medicare and Indiana Medicaid by billing for commercial doses when only a sample dose was administered on the date of service. (*Id.*) In furtherance of this scheme and to conceal the false claims, Khan and an employee under her direction allegedly accessed and altered patient records to remove evidence of sample doses. (*Id.* ¶ 21). Additionally, the Indictment alleges that Khan "directed, advised, and attempted to corruptly persuade the employee to provide false information to federal investigators about the schemes and the alterations to the patient records," all in an attempt to "obstruct the investigation and to conceal the prior alterations to patient records." (*Id.* ¶ 23).

Counts 3 through 9 of the Indictment charge Khan with obstructing justice in violation of 18 U.S.C. § 1519 and 18 U.S.C. § 2 by way of making false entries in the medical records of seven particular patients. Counts 10 through 16 of the Indictment charge Khan with making false statements relating to health care matters involving Medicare in violation of 18 U.S.C. § 1035 and 18 U.S.C. § 2, likewise involving alleged false entries in the medical records of those same seven patients. Counts 17 through 19 charge Khan with three illegal sales of sample drugs to three particular patients in violation of 21 U.S.C. §§ 331(t) and 333(b)(1)(B). Count 20 charges Khan with witness tampering in violation of 18 U.S.C. § 1512(b)(1).

On July 12, 2026, Khan filed a Motion to Bifurcate or Sever Count 20 (ECF No. 44) for which she requested an evidentiary hearing with an in-camera review of evidence relating to a potential advice-of-counsel defense. Shortly thereafter, on July 16, 2026, Khan filed five additional pretrial motions: (a) Motion for Release of Brady Materials (ECF No. 49); (b) Motion to Dismiss the Indictment (ECF No. 50); (c) Motion to Dismiss Counts 17–19 for lack of specificity and

failure to state an offense (ECF No. 51); (d) Motion to Dismiss Counts 17–19 for selective or vindictive prosecution (ECF No. 52); and (e) Motion to Exclude Evidence (ECF No. 53). On August 21, 2026, Khan filed a Notice of Request for Oral Argument on the other pending pretrial motions. (ECF No. 72).

The Court held an evidentiary hearing as to the Motion to Bifurcate as well as oral arguments on the other pending pretrial matters on September 29, 2026. (ECF No. 83). During the hearing, the Court commenced an in-camera review of evidence pertaining to Khan's advice-of-counsel defense, though ultimately no evidence was taken and the in-camera portion was concluded. The Court then heard oral arguments and thereafter orally denied Khan's Motion for Brady Materials (ECF No. 49) as well as granted in part and denied in part the Motion to Exclude Evidence (ECF No. 53). The Court noted the other four motions (ECF Nos. 44, 50, 51, 52) remained under advisement.

## II. DISCUSSION

Khan has three theories explaining why Count 20 should be severed or bifurcated. First, she challenges the joinder of Count 20 because she believes witness tampering is not of the same class or character as the underlying substantive healthcare fraud allegations and there would be no evidentiary overlap among Count 20 and the rest of the Indictment. Second, even if there were no misjoinder, she asks for bifurcation under Rule 14(a) because evidence supporting the tampering allegation may unduly influence the jury's decision on the fraud allegations and her defense to Count 20 may necessarily include testimony from Khan herself—though she would not wish to testify on the fraud charges—as well as testimony from her attorney, risking attorney disqualification and a Sixth Amendment choice-of-counsel violation. Finally, Khan claims the tampering evidence should be excluded under Rule 403 because that evidence would be "only

marginally probative" but highly prejudicial to the determination of her guilt or innocence on the underlying fraud charges. None of these arguments has merit, and the Court will address each in turn.

**A. Rule 8(a) Joinder of Count 20**

Under Rule 8(a), the indictment may charge a defendant in separate counts with two or more offenses if the offenses are (1) of the same or similar character, (2) are based on the same act or transaction, or (3) are connected with or constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a). Proper joinder of offenses is determined from the face of the indictment, and the rule is construed broadly so as to "conserve[e] judicial resources and avoid [ ] costly, duplicative trials." *United States v. States*, 652 F.3d 734, 742 (7th Cir. 2011) (citing *United States v. Blanchard*, 542 F.3d 1133, 1141 (7th Cir. 2008)). Khan focuses solely on the first type of joinder, arguing that witness tampering is not "of the same or similar character" as healthcare fraud. On that, the Court does not disagree. But Khan has plainly failed to acknowledge the other two situations addressed in Rule 8(a), and the Court agrees with the government that the third Rule 8(a) condition applies here.

The Seventh Circuit has held that overt acts that are charged on the face of the indictment as part of a conspiracy are "part of the same act or transaction constituting parts of a common scheme or plan." *United States v. Thompson*, 286 F.3d 950, 968 (7th Cir. 2002) (finding proper joinder of murder and drug conspiracy charges because the murder count was charged as an overt act of the conspiracy). While *Thompson* spoke of conspiracies and Khan has been charged with a fraud scheme, the Court finds the reasoning analogous here. Counts 1 and 2 charge Khan with executing and attempting to execute a scheme and artifice to defraud Medicare and Indiana Medicaid. In describing the manner and means of the scheme, the Indictment lists three distinct

actions: (1) the ophthalmology practice administered sample drugs and Khan submitted claims to Medicare and Indiana Medicaid for reimbursement as if commercial doses had been administered; (2) following notice of a federal civil investigation into false claims in 2022, Khan and a practice employee accessed and altered patient records to remove evidence of the sample doses; and (3) before a federal investigatory interview with that employee in 2024, Khan directed and attempted to persuade the employee to provide false information to federal investigators about the scheme. (ECF No. 1 ¶¶ 19–23). The first and second actions relate to the charges in Counts 3–19 for obstruction of justice and false statements relating to healthcare matters. The third action alleged in the scheme is the basis of Count 20, which provides that between August 19 and 21, 2024, Khan attempted "to intimidate, threaten, corruptly persuade, and engage in misleading conduct toward [the employee] with the intent to influence, delay, and prevent the testimony of [the employee] in an official proceeding." (*Id.* ¶ 40). Thus, while "witness tampering" may be a different kind of crime than "healthcare fraud," the Court is convinced that from the face of the indictment, the Government has charged witness tampering as an act of the overall healthcare fraud scheme, meaning it is "part of the same act or transaction constituting parts of a common scheme or plan." *Thompson*, 286 F.3d at 968. Thus, the Court finds Count 20 was not improperly joined with Counts 1–19.

**B. Rule 14(a) Prejudice**

If the Court finds joinder proper under Rule 8(a), Khan argues in the alternative that Count 20 should be severed or bifurcated under Rule 14. Federal Rule of Criminal Procedure 14(a) provides "[i]f the joinder of offenses . . . in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Both bifurcation

and severance are within the district court's discretion. *See United States v. Alviar*, 573 F.3d 526, 545 (7th Cir. 2009) (bifurcation within district court's discretion); *United States v. Rollins*, 301 F.3d 511, 517–18 (7th Cir. 2002) (severance within district court's discretion; requires balancing cost of multiple trials against possible prejudice of single trial).

It is the defendant's burden to demonstrate a strong showing of prejudice. *United States v. Moya-Gomez*, 860 F.2d 706, 767–68 (7th Cir. 1988). And a mere showing of *some* prejudice will not warrant severance. *United States v. Madison*, 689 F.2d 1300, 1305 (7th Cir. 1982). Rather, a defendant must show that she cannot obtain a fair trial without severance, not merely that her chances of acquittal would be higher at a separate trial. *United States v. Alexander*, 135 F.3d 470, 477 (7th Cir. 1998); *United States v. Thornton*, 197 F.3d 241, 255 (7th Cir. 1999). Thus, a motion to sever should be denied unless there appears "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Khan contends that "extreme and undue prejudice" will result if the counts are tried together because she may wish to testify in her own defense on Count 20 but not the other counts. She further believes "a joint trial could place the defense attorneys . . . in the position of becoming actual or effective witnesses," (ECF No. 44 at 7), thus risking disqualification of her chosen counsel. Finally, she argues that because evidence supporting the tampering allegation may unduly influence the jury's decision on the fraud allegations. As to potential attorney disqualification, the Court can dispose of this assertion quickly. Despite numerous briefs and multiple hours of argument, despite granting her requests for an evidentiary hearing including an in-camera proceeding, at no point has Khan's counsel been able to articulate *why* he might be called to testify.

So even if the potential for attorney disqualification could in theory be a reason to grant a severance request, Khan has failed to explain why or how that potential could possibly exist here.

Khan's expressed desire to testify fares no better. She is correct that even properly joined counts might unnecessarily and impermissibly coerce a defendant "into testifying on a count upon which [s]he wishes to remain silent." *United States v. Archer*, 843 F.2d 1019, 1022 (7th Cir. 1988); *see also United States v. Nettles*, 476 F.3d 508, 517 (7th Cir. 2007). But "[w]hen seeking to sever charges on the ground that [s]he wishes to testify to some charges but not to others, a defendant must offer 'a convincing showing that [s]he has both important testimony to give concerning one count and [the] strong need to refrain from testifying on the other.'" *United States v. Ervin*, 540 F.3d 623, 629 (7th Cir. 2008) (quoting *Archer*, 843 F.2d at 1022). Thus, it is not enough for the defendant to provide "general assertions" about the testimony she wishes to offer; rather, "[s]he must proffer specific examples of the exculpatory testimony that [s]he would give but for the joinder of the counts." *Id.* (cleaned up). In *Ervin*, the Seventh Circuit found the defendant had provided no more than "general assertions" because his motion to sever had pointed to no specific examples of "exculpatory testimony" he wished to give; "he merely stated that he 'wish[ed] to testify' in his own defense against the homicide counts, but '[t]hat combining all the counts at one trial' would prevent him from doing so." *Id.*

The Court finds Khan's assertions to be much like those of the *Ervin* defendant. Khan argues that a joint trial could prejudice her ability to adequately defend herself on Count 20, "[b]ecause any counseled or good-faith defense turns on Ms. Khan's own state of mind and understanding of conversations with lawyers—what she was told and how she relied on it—[meaning] it cannot be established without her testimony." (ECF No. 69 at 6). She adds that the testimony she could give on Count 20 "relates to information, evidence, legal analysis,

representational advice, and case review that counsel conveyed to her as well as to her related good faith defenses." (*Id.*) As discussed with her attorney disqualification argument above, however, Khan has never provided a coherent explanation to the Court as to what specific "exculpatory testimony" she would provide, despite ample opportunity to do so—including in an in-camera proceeding which was granted at her request. Thus, while she has provided some high-level reasoning for her desire to testify on Count 20, it is far from the "convincing showing" needed to persuade the Court. *See Archer*, 843 F.2d at 1022.

Finally, Khan's spillover theory—that the jury will make a determination of guilt on Counts 1–19 based on the charging and evidence in support of Count 20—cannot defeat two significant hurdles: "the dual presumptions that a jury will capably sort through the evidence and will follow limiting instructions from the court to consider each count separately." *United States v. Kelly*, 99 F.4th 1018, 1026 (7th Cir. 2024) (quoting *United States v. Turner*, 93 F.3d 276, 284 (7th Cir. 1996)); *see also United States v. Carter*, 695 F.3d 690, 700 (7th Cir. 2012) (stating that limiting instructions for the jury to consider each count separately are often sufficient to cure any risk of prejudice). Khan has made no argument that limiting jury instructions would be inadequate to prevent confusion, nor has she shown that the jury would have difficulty following an instruction to consider the evidence for each count separately.

Ultimately, Khan has failed to convince the Court that any unfair prejudice would result if Count 20 is tried with the other counts in the Indictment. Without that showing, the Court sees no reason to sever or bifurcate Count 20.

### C. Rule 403 Exclusion

Lastly, should her severance arguments fail as they have here, Khan seeks to exclude all evidence relating to the tampering allegations from the fraud counts because she believes it would

be "only marginally probative" but highly prejudicial to the determination of her guilt or innocence on the underlying fraud charges.

Beyond the fact that her spillover theory can likely be curtailed by appropriately limiting instructions as noted above, Khan's requested relief is plainly too vague and broad to be granted at this stage. With no particular evidence having been introduced, the Court cannot conduct a Rule 403 balancing test to whether the evidence may be unfairly prejudicial. *See United States v. Phillips*, 2014 WL 4628588, at *5 (N.D. Ill. Sept. 16, 2014) (making provisional ruling on broad Rule 403 argument and explaining that "such evidence may be circumscribed at trial pursuant to Rule 403, *if* the amount and nature of the details becomes too prejudicial"); *see also In re Paoli R.R. Yard PCB Litigation*, 916 F.2d 829, 859 (3d Cir. 1990) ("[W]e stress that *pretrial* Rule 403 exclusions should rarely be granted . . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence.").

Should evidence arise at trial that Khan objects to on this basis, the Court will assess those challenges then.

## III. CONCLUSION

For these reasons, Khan's Motion to Sever or Bifurcate Count 20 and to Exclude Related Evidence (ECF No. 44) is DENIED.

**SO ORDERED** this 30th day of October 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT